WERNER H. BONELL et al., Plaintiffs, *v.* HANS U. VON SCHULTZ, Defendant.

Supreme Court, Special Term, Kings County, February 17, 1950.

*Greller & Greller* for plaintiffs.

*Skaden, Arps, Slate & Lyon* for defendant.

BELDOCK, J. Plaintiffs move for summary judgment on the second cause of action. In said cause of action damages of $3,300 are demanded representing the dollar equivalent of 10,000 deutsche marks advanced to defendant by plaintiffs, pursuant to a written memorandum.

It appears that the defendant, a resident of Cuxhaven, Germany, invented a machine described as an electromedical apparatus with the claim that it could be used for the diagnosis and therapy of brain tumors. Plaintiff Bonell negotiated with defendant for an exclusive agency for the sale and distribution of this apparatus in North and South America. Thereafter, defendant executed a writing in German containing an offer to plaintiffs with respect to its exclusive sales agency, and the same was accepted by Bonell on behalf of himself and the other plaintiffs for whom he was acting as agent. By the terms of this offer, the plaintiffs were to take steps in New York with respect to the manufacture and exhibition of the apparatus and to enter into a final contract to be " acceptable " and " agreed upon " by all parties.

In the meantime, arrangement was made for an advance from plaintiffs to defendant of 10,000 deutsche marks. This written offer also provided that if the final contract was not entered into, based on the contemplated negotiations in New York, the

advance afore-mentioned was to be returned to plaintiffs. No final contract was consummated, and plaintiffs demanded the return of the advance.

Thus far there is no dispute between the parties with respect to the transactions and events which occurred. However, there is a dispute as to the form of currency and dollar amount of the advance to be returned. Plaintiffs contend that the advance should be returned in American dollars at the rate of exchange prevailing at the *time of the advance* which have been computed at $3,300. Defendant contends that the advance should be returned in its original form, namely, in German marks valued at the prevailing rate of exchange as of the *date of the rendition of judgment*. Consequently there is no triable issue and the motion for summary judgment on the second cause of action should be granted. This leaves for determination two questions, namely, (1) the manner and amount in which plaintiffs' damages are to be computed, and (2) the date from which interest is to be assessed.

As to damages, the complaint alleges that in the event of termination of the contractual relationship, defendant promised to repay at once the " ten thousand (10,000) deutsche marks or their equivalent in American dollars, whichever would be more convenient for him ". A careful examination of all pleadings and papers on this motion throws no light upon who is intended by " him ". The defendant denies this allegation and in any event, it becomes of little consequence as the issues here must be determined upon the written offer, which plaintiffs admit is the sole basis of the cause of action. This writing contains no language such as is above quoted. The translated copy of the written offer discloses an agreement that if the final contract was not entered into, defendant " agrees to return the money to Mr. Bonell ". Another part of the writing states " in case that the contract is accepted by the final contract based on negotiations to be conducted in New York, does not materialize, repayment * * * " will take place.

The contract offer was made and executed in Germany and in the absence of an express provision to the contrary, it must be construed as creating an obligation under the law of the country in which it was consummated.

This language of Mr. Justice HOLMES in *Deutsche Bank* v. *Humphrey* (272 U. S. 517, 519) is applicable: " A suit in this country is based upon an obligation existing under the foreign law at the time when the suit is brought; and the obligation is

not enlarged by the fact that the creditor happens to be able to catch his debtor here. \* \* \* We may assume that when the Bank failed to pay on demand its liability was fixed at a certain number of marks both by the terms of the contract and by the German law — but we also assume that it was fixed in marks only, not at the extrinsic value that those marks then had in commodities or in the currency of another country. On the contrary, we repeat, it was and continued to be a liability in marks alone and was open to satisfaction by the payment of that number of marks, at any time, with whatever interest might have accrued, however much the mark might have fallen in value as compared with other things. \* \* \* An obligation in terms of the currency of a country takes the risk of currency fluctuations and whether creditor or debtor profits by the change the law takes no account of it. *Legal Tender Cases,* 12 Wall. 457, 548, 549. Obviously, in fact a dollar or a mark may have different values at different times but to the law that establishes it, it is always the same. If the debt had been due here and the value of dollars had dropped before suit was brought the plaintiff could recover no more dollars on that account. A foreign debtor should be no worse off.''

There is nothing contained in the contract offer indicating that the repayment is to be made in dollars. Thus it must follow that the intent of the parties as evidenced by the writing was that the repayment would be in German marks. As was held in *Deutsche Bank* v. *Humphrey (supra)* the payment must be in marks only subject to whatever fluctuation may have resulted and regardless of who profits or loses by the change in currency value. It also follows that the valuation of the marks must be taken as of the date when the judgment was rendered and not as of the time when the advances were made or the default in repayment occurred. Had defendant sued in Germany, the judgment would, of necessity, be in an amount of marks. By commencing the action here, plaintiffs cannot seek the advantage of a rate of exchange at a time other than as of the date of judgment. The translation of marks into dollars is requisite only because this judgment is obtained here and must be rendered in the money of our forum (*Metcalf Co.* v. *Mayer,* 213 App. Div. 607). (See, also, *Matter of James,* 248 N. Y. 1, 6, and cases therein cited.)

Accordingly, plaintiffs are entitled to recovery limited to the value of the 10,000 marks at the rate of exchange as of the date of rendition of judgment. The interest, however, should be

computed from the time of the defendant's wrongful refusal or failure to pay. This is fixed as of the date when the demand was made and not complied with.

Motion for summary judgment granted as above indicated. Settle order on notice.